UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DROYCE LANG<br>11409 Malaga Sky Place<br>Temple Terrace, FL 33637<br><br>on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>      vs.<br><br>HARVEY GULF INTERNATIONAL MARINE, LLC<br>c/o Statutory Agent Robert A. Vosbein Jr.<br>701 Poydras Street, Ste. 3700<br>New Orleans, LA 70139<br><br>      Defendant. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Droyce Lang, by and through counsel, and for his Complaint against Harvey Gulf International Marine, LLC ("Harvey Gulf"), states and alleges the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of failing to pay Plaintiff and other similarly-situated employees overtime compensation at the rate of one and one-half times their regular rates of pay for all of the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant maintains a

business located at 701 Poydras Street, Ste. 3700, New Orleans, LA 70139, Defendant conducts business throughout this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## **PARTIES**

4. At all times relevant herein, Plaintiff was a resident of Hillsborough County, Florida.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At times relevant herein, Defendant conducted business in Orleans Parish, Louisiana, and other cities and states throughout the United States.

7. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

11. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

12. Defendant Harvey Gulf is a Louisiana limited liability company that provides marine transportation, off-shore supply and multi-purpose support vessels for deep water oil and gas operations.

13. Plaintiff was employed by Defendant as an Able-Bodied Seaman between October 11, 2013 and March 3, 2016.

14. Other similarly-situated employees were employed by Defendant as Captains, Engineers, Deck Hands, Able-Bodied Seaman, Tug Boat Mates, and OSV Mates (collectively "seaman").

15. Plaintiff and other similarly-situated seaman were paid a day rate for each day they worked.

16. Plaintiff and other similarly-situated seaman worked approximately 18 to 20 hours per day, 7 days per week.

17. Plaintiff Lang estimates that he worked 18- to 20-hour shifts, 7 days per week on average between October 11, 2013 and March 3, 2016.

18. Plaintiff and other similarly-situated seaman spent over 20% of their time each week performing non-seamen duties, such as loading and unloading supplies, equipment, and cargo.

19. Defendant failed to pay Plaintiff and other similarly-situated seaman overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek.

**(Failure to Pay for Overtime Compensation)**

20. Plaintiff and other similarly-situated production employees were not paid overtime compensation for the hours they worked over 40 each workweek.

21. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**(Failure to Keep Accurate Records)**

22. Upon information and belief, Defendant failed to make, keep and preserve records of the required and unpaid work performed by Plaintiff and other similarly-situated seaman.

**(Defendant Willfully Violated the FLSA)**

23. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

25. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All former and current seaman of Defendant Harvey Gulf International Marine, LLC between March 8, 2014 and the present.

26. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least several hundred persons.

27. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and

4

costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

28. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
### (Fair Labor Standards Act Violations)

29. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

30. Defendant's practice and policy of not paying Plaintiff and other similarly-situated seaman overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219 and 29 CFR § 785.24.

31. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated seaman violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR 516.2(a)(7).

32. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

33. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated seaman have been damaged in that they have not received wages due to them pursuant to

the FLSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the class he represents actual damages for unpaid wages;

D. Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

**(Signature lines on next page)**

Dated: March 8, 2017                     Respectfully Submitted:

**WILLIAMS LITIGATION, L.L.C.**

By: s/Christopher L. Williams
Christopher L. Williams
La. Bar Roll No. 32269
639 Loyola Ave., Suite 1850
New Orleans, LA 70113
Telephone: 504.308.1438
Fax: 504.308.1446
chris@williamslitigation.com

and


 /s/ Anthony J. Lazzaro
Anthony J. Lazzaro (OH 0077962)
(will file for admission pro hac vice)
Chastity L. Christy (OH 0076977)
(will file for admission pro hac vice)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
chastity@lazzarolawfirm.com

*Attorneys for Plaintiff*


## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.


                              s/Christopher L. Williams
                              Christopher L. Williams